UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE McGRATH KAMRASS, | ) | CASE NO. 1: 17 CV 964 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JEFFERIES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Motion to Transfer Venue. (ECF #4) Defendants Jefferies LLC, Jefferies and Company, Inc. and John Laub ("Defendants") ask this Court to transfer this action to the United States District Court for the Southern District of New York pursuant 28 U.S.C. § 1404(a) based on the forum selection clause in the Parties' 2012 employment agreement. For the reasons that follow, Defendants' Motion to Transfer is granted.

**PROCEDURAL AND FACTUAL HISTORY**

Defendants Jefferies LLC, Jefferies & Company, Inc., and John Laub (collectively, "Defendants") removed this action from the Court of Common Pleas for Cuyahoga County, Ohio to this Court on May 8, 2017, on the basis of diversity jurisdiction. Plaintiff Christine McGrath Kamrass, a citizen of Ohio, brought suit against her employer and her supervisor, John Laub, asserting three state law claims under Ohio R.C.§ 4112 for Sex/Caregiver Discrimination (Count One); Age Discrimination (Count Two) and Sex Plus/Age Plus Discrimination. (Count Three). Plaintiff began her employment on October 5, 2006, in the Cleveland office of Jefferies & Company, Inc., a Delaware Corporation with its principal place of business in New York, New

York. The Offer letter, signed by Plaintiff, contained a New York choice of law and forum provision.[1] Plaintiff signed a new employment agreement on January 4, 2012, which by its terms, was effective until December 31, 2014 (the "2012 Agreement"). The 2012 Agreement also contained a New York choice of law and forum provision. The 2012 Agreement provides in relevant part:

> This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York . . .if the parties are permitted to bring such action in a state or federal court, then you hereby consent to the personal jurisdiction of the state and federal courts sitting in the City and State of New York with respect to matters related to your employment or this Agreement, and agree that any action with respect thereto shall be brought in such courts.

Although Plaintiff remains employed by Jefferies LLC, the parties did not enter a subsequent employment agreement. Plaintiff filed this action on April 7, 2017, more than three years after the 2012 Agreement expired. However, the negative events which Plaintiff alleges have occurred in her working environment began with the hire of Defendant Laub in July 2014. Mr. Laub was hired as the Head of Prime Brokerage and had supervisory authority over Plaintiff and participated in the review of her performance at the end of 2014. (Compl. ¶15)

Although, Defendants acknowledge that the 2012 Agreement has expired, they assert that the forum selection clause survives the expiration of the 2012 Agreement because Plaintiff's claims arise out of the employment relationship established by the original offer letter and the subsequent employment agreement. *See Weingrad v. Telepathy, Inc.*, No. 05 Civ. 2024, 2005 WL 2990645, at *3 (S.D.N.Y. Nov. 7, 2005)("[P]arties to a contract are bound by that contract's

---

[1] While Plaintiff began her employment with Jefferies & Company, Inc. in 2006, following Leucadia National's acquisition of the Jefferies Group in 2013, Plaintiff became an employee of Jefferies LLC, the successor entity to Jefferies & Company, Inc.

2

forum selection clause even after the contract has expired, where ...the plaintiff's claims involve rights arising out of the contract and the entire business relationship between the parties stems from that contract.")

## **STANDARD OF REVIEW**

Chapter 28 of the United States Code, Section1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This provision was intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. V. Barge F.B.L.-585,* 364 U.S. 19, 27 (1960). Under this provision, a district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(citing *Cote v. Wadel*, 796, F.2d 981, 985 (7th Cir. 1986). *See Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960) ( An action can originally be brought in a district court if that court has subject matter jurisdiction; the defendants are subject to personal jurisdiction in that court; and venue is proper.)

The Sixth Circuit has outlined several factors that a district court should consider when deciding whether or not a transfer under 28 U.S.C. § 1404(a) is warranted, including the private interests of the parties and other public-interest concerns. *Moses v. Business Card Express, Inc*., 929 F.2d 1131, 1137 (6th Cir. 1991). These public and private interests include the plaintiff's choice of forum, location of necessary documents, convenience of witnesses, possibility of prejudice in either forum, and the practical problems associated with trying the case as expeditiously and as inexpensively as possible. *See*, *USA v. Cinemark USA, Inc*., 66 F. Supp.2d

3

881, 887 (N.D. Ohio 1999)(citing *West American Ins. Co. v. Potts*, 1990 U.S. App. LEXIS 12513, 1990 WL 104034, at *2(6th Cir. July 25, 1990)). In order to warrant transfer, the balance of all relevant factors must weigh strongly in favor of transfer, and the burden is upon the party requesting the transfer to prove that this is so. *Jeffrey Mining Prods. v. Left Fork Mining Co.*, 992 F. Supp. 937, 938 (N.D. Ohio 1997); *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

However, when the parties' contract contains a valid forum selection clause, the calculus changes. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487, 581 (2013). In that instance, the plaintiff's choice of forum "merits no weight," and a court "should not consider arguments about the parties' private interests," as they previously agreed (contractually) to litigate in a specified forum. *Id.* at 581-82. The party opposing transfer bears the burden of demonstrating the public interest factors overwhelmingly disfavor transfer. *Id.* at 583. However, such factors "will rarely defeat a transfer motion," and a district court "should ordinarily transfer the case to the forum specified" in the parties' agreement. *Id.* at 581-82. "In all but the most unusual cases . . . 'the interest of justice' is served by holding the parties to their bargain." *Id.* at 583. As stated in *Atlantic Marine*, "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582.

The Sixth Circuit emphasizes that a forum selection clause should be upheld absent a strong showing that it should be set aside and has identified the following three factors a court

4

should consider when evaluating the enforceability of a forum selection clause:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means;
> (2) whether the designated forum would ineffectively or unfairly handle the suit; and
> (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).

## **DISCUSSION**

In accepting the terms of the 2012 Agreement Plaintiff consented "to the personal jurisdiction of the state and federal courts sitting in the City and State of New York <u>with respect to matters related to your employment</u> or this Agreement, and agree[d] that any action with respect thereto shall be brought in such courts." Here Plaintiff brings employment discrimination claims which are clearly "related to her employment." As such her Complaint is subject to the agreed forum selection clause. Plaintiff attempts to escape the application of the forum selection provision by arguing that the 2012 Agreement expired before she filed her lawsuit and thus, the 2012 Agreement is inapplicable. However, while her lawsuit was filed after the 2012 Agreement expired, the allegations in her Complaint make clear that the alleged employment discrimination began when Defendant Laub was hired in July 2014, and more specifically with the negative performance review that he gave Plaintiff at the end of 2014. These events occurred before the 2012 Agreement expired. Accordingly, Plaintiff's Complaint triggers the forum selection clause of the 2012 Agreement.

Moreover, even if the alleged employment discrimination did not begin within the time

5

frame of the 2012 Agreement, the claims clearly arise under the terms of the Agreement, specifically within the terms of the forum selection clause itself, thus Plaintiff would still be bound by the forum selection clause. *See Allied Sound, Inc. v. Dukane Corp.*, 934 F.Supp. 272, 276 (M.D. Tenn. 1996) (forum selection clause applied to tort action brought after expiration of contract); *Weingrad*, 2005 WL 2990645, at *3; *AGR Financial, LLC v. Ready Staffing, Inc.*, 99 F. Supp.2d 399, 401-02 (S.D.N.Y. 2000); *Young Women's Christian Association of the United States, National Board v. HMC Entertainment, Inc.*, 91 Civ. 7943, 1992 WL 279361 (S.D.N.Y. Sept.. 25, 1992).

Thus, the forum selection clause must be enforced unless Plaintiff can show that it was obtained by fraud, or that the designated forum would ineffectively or unfairly handle the suit, or that the designated forum is so seriously inconvenient that requiring Plaintiff to bring suit there would be unjust. Plaintiff does not contend that the forum selection clause was obtained by fraud or that the designated forum would ineffectively or unfairly handle the suit. Plaintiff does argue that she would be inconvenienced by having to proceed with this action in New York, however her argument stops short of showing that it would be unjust to require Plaintiff to pursue this action in New York. On this record, Plaintiff has not met her burden to overcome enforcement of the forum selection clause. *See Atl. Marine Constr. Co.,* 134 S. Ct. at 581; *Wong*, 589 F.3d at 828.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Transfer Venue (ECF #4) is granted. The Clerk of Courts is directed to transfer this matter to the United States District Court for the Southern District of New York.

IT IS SO ORDERED.

                                              _/s/Donald C. Nugent_
                                              DONALD C. NUGENT
                                              United States District Judge

DATED:__September 25, 2017__